STATE of Missouri ex info. John Ashcroft, Attorney General, ex rel. Bert F. HOLLY, Raymond T. Roth, Thomas R. Ham, J. C. Sprinkel, Jr., George Germaine, Marilyn Welty, E. N. Fiesler, O. W. Hartner, John Z. Smith, and I. F. Sanders, Relators,

v.

Bob KIELHOFNER, Clerk of Scott County, Fred Held, Ollie Amick, Margaret Shipman, Bob Goodman, and Gary Venable, Commissioners of Illmo, Alvie Modglin, Nancy Caldwell, Charles Bertrand, Larry Waddle, and Oral Noon, Commissioners of City of Scott City, Respondents.

No. 11451.

Missouri Court of Appeals,
Southern District,
En Banc.

Sept. 25, 1979.

John H. Percy, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for relators.

David G. Shy, Scott City, for respondent Bob Kielhofner, Clerk of Scott City.

Fielding D. Potashnick, Sikeston, Thomas L. Arnold, Benton, for respondents-commissioners.

PREWITT, Judge.

Relators filed an information in the nature of quo warranto asking this court to declare the consolidation election held on June 5, 1979, in the cities of Illmo and Scott City, to be null and void and that we order respondent Bob Kielhofner to decertify the results of the election and oust the respondents-commissioners as members of the Charter Commission provided for in § 72.185.[1] Relators contend that the election is a nullity because the consolidation election ballot did not list the separate bonded indebtedness of each municipality and indicate whether the tax necessary to retire each separate bond issue would be levied generally or locally as provided in § 72.195. Respondents-commissioners filed a motion to dismiss the information, contending that the election was proper, because the ballot followed exactly the form provided in § 72.170, and that the additional information as contended by relators did not have to be included and at that time submitted to the voters. The form of ballot used is not disputed. We believe the motion is well taken and sustain the motion and dissolve our preliminary order.

■ Sections 72.150 through 72.220 provide for consolidation of municipalities. Under these sections there may be one election required or as many as three. Section 72.195 provides that where bonded indebtedness was incurred by a municipality for facilities which are to be used generally by the consolidated municipality, the bonds

1. All references are to RSMo 1978.

shall become the indebtedness of the consolidated municipality, but where the facilities are to be used only by the residents in the area of a former municipality, then a special tax shall be levied upon the property within the area of that municipality. It lastly provides: "The question as originally submitted shall list each separate bonded indebtedness of the municipalities and shall clearly indicate whether the tax necessary to retire it is to be levied generally or locally." The question here is whether information regarding the bonded indebtedness and the tax necessary to retire it is required to be on the ballot at the original consolidation election, § 72.170, or if it can be voted on with other transition details, as provided in § 72.185.

The consolidation election was initiated pursuant to petition as provided in §§ 72.160 and 72.163. Section 72.163 requires the petition to contain: (1) the names of the municipalities, (2) the effective date of consolidation, (3) the votes cast in the last municipal election, and (4) a statement that the signers are registered voters in the affected municipality. Such a petition may, but is not required to, contain transitional details such as "what taxes will be collected". § 72.163.1(5). The petitions here contained the required information but no transitional details. The form of ballot provided by § 72.170 is "shall ....... and ....... consolidate?"

█ Section 72.185 provides that if the original question does not contain the name and form of the government and the details of transition, such as "what taxes will be collected," then a commission shall be appointed and they will submit these questions to the voters. It provides for two elections, if necessary. There may be cases where all details of a transition are proposed in advance, either by ordinance by the governing bodies of the municipalities as provided in § 72.155 or by petition pursuant to § 72.163.1(5). In such event, then perhaps only one election would be required. However, here transition details were not proposed in advance of the consolidation election and it became the duty of

the charter commission to submit these details to the voters. § 72.185. The use of the facilities or improvements for which the debt was incurred determines whether the tax is to be levied in the area of a former municipality or over the entire area of the new municipality. The use of the facilities and the taxes for their payment cannot be proposed in such situations as here until the commission meets. Neither the governing bodies nor the petitioning voters are required to propose such uses or taxes. The commission is not authorized until after the initial election. It would not be possible here to submit such questions to the voters at the first election. We believe that the "question as originally submitted" stated in § 72.195 refers to the first election where the bonded indebtedness is considered, which is not necessarily the consolidation election. It may in a proper case, as here, be the election provided for in § 72.185.

█ The consolidation ballot complied with § 72.170. We should not add to that section any additional requirements. Nor should we require the governing bodies, under § 72.155, or the petitioning voters, under § 72.163, to set forth the proposed use of bond financed improvements and how the indebtedness shall be paid when the legislature did not require it. Had the legislature intended the additional information to be on the ballot at the first election, they could have clearly so provided. They provided for subsequent elections. As these may require a more detailed ballot, they did not set forth a required form. The manner of retiring the bonded indebtedness could be determined at the second or, if necessary, third election.

The motion to dismiss the information is sustained. The preliminary order in quo warranto is dissolved. All other motions are overruled as being moot.

All concur, excepting Judge MAUS dissented and files dissenting opinion; Judge FLANIGAN dissents, and joins in dissenting opinion filed by Judge MAUS.

MAUS, Judge, dissenting.

In summary, adjoining municipalities may consolidate upon the basis of a proposition of consolidation originating by any combination of an ordinance adopted by the governing body or the petition of the residents of each affected municipality. Ultimately the ordinance or ordinances and/or petition or petitions are to be filed with the county court. The county court then submits "*the question of consolidation* . . if the ordinances and petitions propose the same terms and conditions for consolidation . . . ." § 72.165.

The ordinances and petitions may, but are not required to present a proposal concerning "[t]he form of government, the name of the municipality as consolidated and the details of transition, such as which officers will serve, which employees shall be retained, what taxes will be collected, what ordinances will be in effect and similar matters for the operation of the consolidated municipality until the new governing body provides otherwise . . . ." § 72.163 and 72.155.

"In the event that *the question* as voted upon" does not present such a proposal concerning details of transition, and consolidation received the required approval, each municipality shall appoint five commissioners to meet and formulate a proposal. That proposal is then submitted to the voters in each of the affected municipalities. If "*the question*" is not approved by a majority in both or all the affected municipalities, new commissioners are appointed and the procedure is repeated.. If the second proposal does not receive the required approval, "*the question* receiving the highest total number of votes in favor thereof shall be considered as having passed by a simple majority." § 72.185.

Of course, the bonded indebtedness of each affected municipality must be paid. The applicable section (§ 72.195) does provide that taxes to pay bonded indebtednesses for improvements or facilities inuring to the benefit of the residents of one former municipality shall be levied against property in the area of that former municipality.

On the other hand, taxes to pay bonded indebtedness for improvements or facilities to be used generally by the consolidated municipality shall be levied against property in the consolidated municipality. But, that allocation is not imposed in all events. It applies only if it is not "otherwise provided in the proposition as voted upon." This section concludes with the sentence which gives rise to this controversy. "*The question as originally submitted* shall list each separate bonded indebtedness of the municipalities and shall clearly indicate whether the tax necessary to retire it is to be levied generally or locally." § 72.195.

The majority opinion holds that this sentence does not mandate that such information and indication (actually a proposal of allocation) be included as a part of the proposition at the first election. I believe it does.

First, such a construction is supported by the language itself. Throughout the sections dealing with consolidation the term "the question" is used. It is used in reference to the first election and then in reference to the possible second and third elections. When that sentence refers to "the question as *originally submitted*" it seems to point unmistakably to the first election.

Second, it seems that the purpose of this sentence is to require as a prelude to consolidation the residents of each municipality be informed of the taxes they must pay and be given an effective choice about the matter. It is *no answer* to say that such information may be given and allocation proposed at the second and third elections. The consolidation is effective on approval of "the question" at the first election. § 72.-180. The proposition of the commissioners concerning allocation (or absence of such proposition) at both the second and third elections may be rejected and yet an allocation never approved by a majority of the voters in both or either of the affected *municipalities will be effective.*

Third, the language of the sections dealing with proposals concerning the "details of transition" that may be, but are not required to be, set forth in the ordinance or

petition (and by inference as a part of the proposition at the first election) supports providing information as to bonded indebtedness and submission of the indication of allocation at the first election. The language "what taxes as will be collected" cannot have reference to the taxes necessary to pay bonded indebtedness. By reason of the bond issues involved those taxes must be collected regardless of any proposal to the contrary. The issue is from what area they will be collected. Further, the "details of transition" are submitted for approval "until the new governing body provides otherwise". Section 72.195 dealing with allocation of taxes for bonded indebtedness contemplates a more permanent allocation.

Fourth, the legislature has enacted ten sections dealing with the "absorption" of one municipality by another, §§ 72.300 to 72.350. Absorption is complete upon one election. Section 72.335 provides an allocation of taxes for payment of bonded indebtedness similar to that pertaining to consolidation, but omits the "unless otherwise provided" provision. Yet that section further provides: "The question as originally submitted by resolutions and the notice of the election shall list each separate bonded indebtedness of the municipalities . . . ." § 72.335. The meaning here is clear. The information and proposed allocation must be submitted at the first and only election. It must be assumed the sentence serves the same purpose and should bear the same meaning in both instances.

Lastly, § 72.170 bears the caption "Form of ballot". The section provides "[t]he question shall be submitted in substantially the following form: Shall . . . and . . . consolidate?" But, this does not militate against a ballot posing that question upon the basis of a proposal of "details of transition" (§ 72.185), of the annexation of a street, stream or vacant land (§ 72.153) or of the allocation of taxes for the payment of bonded indebtedness (§ 72.195).

I would overrule the motion to dismiss and place the case upon the docket for briefing, hearing and disposition.